UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN PARFAIT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-519** |
| **JASON P. LYONS** | **SECTION: "I"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Kevin Parfait, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Terrebonne Parish Assistant District Attorney Jason P. Lyons. In the complaint, plaintiff states his claim as follows:

> Mr. Jason Lyons stated to me Kevin Parfait that I was a no good bastard and that I did not belong in society and Mr. Lyons said that he would be the one to see that I never see the streets again. Mr. Lyons also forced me into excepting [sic] a plea agreement by making some harsh threats towards me by saying that if I did not take the plea agreement that he was offering me he was going to make sure that I pick a jury the same day and go straight to trial and that he was going to do everything is [sic] his power to make sure that I Kevin Parfait receive a mandatory life sentence. Mr. Lyons also used a confession statement that was illegally obtained by the Houma Police Department that Detective Keith Breaux had forced him to admit by bodily harm and threats and also coached me into saying while I was under the influence of drugs and liquor. Mr. Lyons said to me that he was going to make sure that I would except [sic] the plea agreement by using the evidence that Detective Keith Breaux had. Then every time I Kevin Parfait went to court on these dates 12-29-08, 1-28-09, 1-29-09, 2-4-09, 4-13-09 and 6-22-09 Mr. Lyons would always make them same harsh threats towards me then he'll start laughing like this was funny so Mr. Lyons said to me Kevin Parfait I told you that I was going to be the one to get you. This incident has caused me to be mentally distur[b]ed, I also have been diagnosed with depression by a psychiatrist due to the improper conduct performed

by Mr. Jason Lyons this was unappropriate [sic] and unprofessional. I'm asking the courts to bring disciplinary action upon Mr. Jason Lyons for his actions.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008).

Although broadly construing plaintiff's complaint,[1] the Court finds that, for the following reasons, the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

As an initial matter, the Court notes that the primary form of relief plaintiff requests is the initiation of disciplinary charges against Lyons. However, the initiation of such charges against a state prosecutor for his actions in state court falls outside of this Court's purview. See Greenlee v. Murphy, Civ. Action No. 6:06CV14, 2006 WL 2385284, at *3 (E.D. Tex. Aug. 17, 2006). If plaintiff wishes to pursue such charges against Lyons, he must contact the appropriate state authorities.

Moreover, even if plaintiff intended to seek other forms of relief, his complaint would still subject to dismissal for the following reasons.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

To the extent that plaintiff is in any way attempting to challenge his conviction or confinement, he must seek relief in a *habeas corpus* proceeding, not a civil rights action brought pursuant to 42 U.S.C. § 1983. "'[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'" Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).

Additionally, any claim for monetary damages would also fail. Any individual-capacity claim against Lyons for monetary damages would be barred by his absolute prosecutorial immunity. Prosecutorial immunity protects Lyons against claims based on his "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd, 31 F.3d at 285. A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted). Because any individual-capacity claim against Lyons would relate to his actions taken in prosecuting the criminal charges against plaintiff, Lyons would be protected by absolute immunity.

Further, an official-capacity claim for monetary damages would likewise fail. The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the

Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *5-6 (E.D. La. Aug. 17, 2009). The Fifth Circuit has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted); McCloud, 2009 WL 2515609, at *6. Moreover, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); McCloud, 2009 WL 2515609, at *6. Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); McCloud, 2009 WL 2515609, at *6. Because plaintiff does not allege that he suffered constitutional violations resulting from an identified official policy or custom of the Terrebonne Parish District Attorney's Office, no official-capacity claim against Lyons has been stated.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this twenty-fifth day of February, 2010.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.